UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**THOMAS DANIEL LAIPPLY,
EVANGELINA STAR LAIPPLY,**

      Plaintiffs,

v.

**THOMAS CHARLES LAIPPLY, LAUREL LAIPPLY,**

      Defendants.

No. SA-20-CV-00970-JKP

## ORDER ACCEPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Magistrate Judge Farrer's Report and Recommendation filed on October 21, 2020, as well as Plaintiffs' objections filed November 13, 18 2020. *ECF Nos. 3, 9, 11*.

The Court ACCEPTS and ADOPTS Judge Farrer's Report and Recommendation in its entirety. Accordingly, this case is DISMISSED with prejudice.

### Legal Standard

A district court will review a magistrate judge's determination regarding a dispositive matter *de novo* if a party timely objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); *Baylor Health Care Sys. v. Equitable Plan Services, Inc.*, 955 F. Supp. 2d 678, 689 (N.D. Tex. 2013); *see also Longmire v. Guste*, 921 F.2d 620, 623 (5th Cir. 1991). In conducting a *de novo* review, the Court will examine the entire record pertinent to the specific objections and make an inde-

pendent assessment of the law. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

## Analysis

Magistrate Judge Farrer granted Plaintiffs' Application for Leave to Proceed In Forma Pauperis. *ECF No. 3, pp. 5-7*. This ruling is not at issue.

As required, during his review of the Application for Leave to Proceed In Forma Pauperis, Judge Farrer screened the Proposed Complaint to determine whether the claims presented are frivolous, malicious or fail to state a claim upon which relief may be granted. *Id. at pp. 7-12*; *see* 28 U.S.C. 1915(e).[1] Based upon this review, Judge Farrer recommends this District Court dismiss this case as frivolous due to lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted. *Id. at p. 12*.

## **Background**

While Thomas and Evangelina Laipply object to Judge Farrer's representation of some of the facts supporting the basis of this lawsuit, the underlying procedural history is not in dispute. Only the undisputed procedural history and undisputed underlying facts form the basis of this Court's final determination.

This suit arises from a personal loan made in May 2019 by Defendants Thomas Charles Laipply and Laurel Laipply ("Laipply parents") to their son Thomas Daniel Laipply and his wife Evangelina Laipply ("Laipply children"). Following a dispute regarding whether the loan was forgiven or remained unpaid according to its terms, on February 14, 2020, the Laipply parents filed suit against the Laipply children in the 166th Judicial District Court of Bexar County, Texas alleging causes of action for breach of contract and fraud. The Laipply children removed that ac-

---

[1] As part of this analysis, if a court lacks subject matter jurisdiction, a case will be considered "legally frivolous". *Bibbs v. Harris*, 578 F. App'x 448 (5th Cir. Aug. 20, 2014); *Nixon v. Attorney Gen. of Tex*., 537 F. App'x 512 (5th Cir. Jul. 31, 2013).

tion to this federal court on the basis of diversity jurisdiction in a case assigned to Judge Fred Biery styled, *Laipply v. Laipply*, No. 5-20-cv-225-FB-HJB. On May 31, 2020, Judge Biery remanded that action to state court upon concluding diversity jurisdiction did exist; however, removal was procedurally improper pursuant to the "forum defendant rule" and, therefore remand was required pursuant to 28 U.S.C. 1447(c). *Id. at ECF No. 15.*

On August 17, 2020, the Laipply children filed this action against the Laipply parents arising from disputes over the same personal loan and asserting multiple state-law causes of action. In this suit, the Laipply children again invoke diversity jurisdiction and allege various state-law claims they allege "arise from, and are merely a sub-part of the larger cause of action presented [in] . . . Case Number 5-20-cv-00225-FB." *ECF No. 1-1, p. 13*. The Laipply children seek relief "from the remand of Case Number 5:20-cv-00225-FB under Rule 60(b)(3) and 60(b)(6). Fed. R. Civ. P. 60(b)(3); 60(b)(6). The arguments and evidence presented in the Complaint were not fully available to timely file a Rule 59(b) motion for relief from the Order of Remand." *Id.*

On the same day, the Laipply children again filed a notice of removal of the same state-court action previously remanded by Judge Biery. This re-removal case was assigned to Judge Xavier Rodriguez styled, *Laipply v. Laipply*, No. 5-20-cv-971-XR-RBF. In their Notice of Removal, the Laipply children allege the state-court action arises from the same nucleus of operative fact as this new federal action, and therefore, the state-court action "became re-removable pursuant to §§ 1441 and 1367 as of the filing this federal action." *See id., ECF No. 1-1 at pp. 2-3*. The Laipply children further allege the re-removed action "can be merged with the Case currently pending on this Court's Docket through consolidation under Rule 42. 28 U.S.C. § 1367; Fed. R. Civ. P. 42(a)(l); 42(a)(2); 42(a)(3) (Consolidation)." *Id*.

Adopting Judge Farrer's Report and Recommendation, Judge Rodriguez remanded the re-removed case to state court for lack of subject matter jurisdiction. *See Laipply v. Laipply*, No. 5-20-cv-971-XR-RBF, *ECF Nos. 4, 6*. Specifically, Judge Rodriguez concluded Judge Biery's Remand Order "was certified and mailed by the Clerk of Court on June 2, 2020. Accordingly, the Court lacks jurisdiction to reconsider the Remand Order issued in Case No. 5-20-cv-225-FB. *See Firefighters' Ret. Sys.*, 796 F.3d at 524; *Arnold v. Garlock, Inc.*, 278 F.3d 426, 437 (5th Cir. 2001)." *Id. at ECF No. No. 4, pp. 6-7*. Further, the Laipply children "can't circumvent the aforementioned jurisdictional bar by using their newly filed federal action as a basis to remove the state action for a second time. 'While [§ 1367(a)] does allow factually related state law claims to be joined with the claim over which the federal district court has original jurisdiction, it plainly does not provide a separate basis for removal of independent state law actions. It is not original jurisdiction.' *Halmekangas v. State Farm Fire & Cas. Co.*, 603 F.3d 290, 294 (5th Cir. 2010) (ellipsis and bracket omitted)." *Id*.

Subsequently, in this case, following thorough analysis of application of the *Younger* abstention doctrine and after weighing appropriate factors as they apply to the circumstances of this case, Judge Farrer found "this case presents exceptional circumstances such that abstention in favor of the state court proceedings is appropriate." *ECF No. 3, pp. 7-12*. Judge Farrer concluded,

> [r]ather than filing counterclaims in the underlying state court action, [the Laipply children] commenced the instant federal action as a basis to improperly challenge the District Court's Remand Order in Case No. 5-20-cv-225-FB and contest various actions taken in, and in relation to, the underlying state court proceedings. . . . the Court doesn't have subject matter jurisdiction over the state court proceeding. Resolution of the claims asserted in this federal action threatens to interfere with the ongoing parallel state court proceeding. Moreover, permitting this action to proceed runs the risk of inconsistent judgments and unnecessarily duplicative, piecemeal litigation. The Court should abstain from hearing this matter, which properly belongs in state court.

*Id.* at p. 7-8.

The Laipply children object to Judge Farrer's Report and Recommendation. Therefore, this Court will conduct a *de novo* review.

### **Vacatur of Judge Biery's Remand Order**

First, in objections I, II, III and IV, the Laipply children object to Judge Farrer's conclusion that this Court does not hold subject matter jurisdiction to vacate Judge Biery's Remand Order. Admitting this Court does not have jurisdiction to "reconsider" Judge Biery's Remand Order, the Laipply children argue this Court "does have jurisdiction to vacate the Remand Order on collateral matters" pursuant to Federal Rule of Civil Procedure 60(b)(1-6) because the Remand Order was obtained by fraudulent means.

These objections are without merit. First, the Laipply children do not specify any fraudulent means by which the Laipply parents obtained the Remand Order from Judge Biery, but argue only that the Laipply parents obtained a restraining order in the state court by unspecified fraudulent means and took advantage of the Laipply children's inexperience in their pro se representation. These arguments are insufficient to establish or assert the Remand Order was obtained by fraudulent means.

Next, Federal Rule 60(b) provides an avenue for relief from a judgment or order by a motion to the issuing court. *See* Fed. R. Civ. P. 60(b), (c). Federal Rule 60(b) does not provide an avenue for relief from a judgment or order by filing an additional and independent lawsuit. *See id*.

Further, for the same reasons Judge Rodriguez remanded the re-removed state-court lawsuit, this Court lacks jurisdiction to vacate Judge Biery's Remand Order in this independent lawsuit because "[o]nce the remand order is certified and mailed, . . . the matter remanded is re-

moved from federal jurisdiction." *Arnold v. Garlock, Inc.,* 278 F.3d 426, 438 (5th Cir. 2001). Judge Biery's Remand Order was certified and mailed by the Clerk of Court on June 2, 2020. Therefore, this federal court no longer holds subject matter jurisdiction to review the Remand Order or otherwise vacate or correct it. *See id*.

Therefore, to the extent the Laipply children seek any vacatur or review of Judge Biery's Remand Order in objections I, II, III and IV, this Court lacks subject matter jurisdiction to provide any such relief. Consequently, these objections are overruled. Should the Laipply children file another action in this federal court seeking review or vacatur of Judge Biery's Remand Order, sanctions may be issued pursuant to Federal Rule 11.

### **Abstention of Federal Jurisdiction over newly-filed Lawsuit**

Next, in Objection V, the Laipply children object to Judge Farrer's conclusion that this Court should abstain from exercising any diversity jurisdiction after weighing the factors for such extraordinary action outlined in *Colorado River Water Conservation Dist. v. U. S.*, 424 U.S. 800, 813 (1976). The Laipply children argue the factors weigh in favor of maintaining this lawsuit in this federal court and allowing the removal of the concurrent state-court action to this Court.

For the reasons stated, this Court has already determined it does not hold subject matter jurisdiction over the remanded state-court action, nor does it hold the authority to allow its removal to this Court. Therefore, the only remaining issue is whether this Court should abstain from exercising its diversity jurisdiction over the Laipply children's action against the Laipply parents here, which asserts state-law causes of action based upon the same circumstances and controversy as that in the concurrent state-court proceeding.

In extraordinary and narrow circumstances, a federal court may decline to exercise its jurisdiction over matters before it even though all jurisdictional and justiciability requirements are met. *See Younger v. Harris*, 401 U.S. 37 (1971); *Colorado River Water Conservation Dist.,* 424 U.S. at 813. Abstention of jurisdiction is appropriate in limited cases where: (1) a federal constitutional issue might be mooted or presented in a different posture by a state court determination of pertinent state law; (2) there exist difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar; or (3) absent bad faith, harassment, or a patently invalid state statute, federal jurisdiction has been invoked for the purpose of restraining state criminal proceedings, civil enforcement proceedings or civil proceedings involving a state court's judicial functions. *Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 78-81 (2013); *Colorado River Water Conservation Dist.*, 424 U.S. at 814.

Although this case does not fall within any of these three abstention categories, in cases in which a state and federal court hold concurrent jurisdiction over cases involving the same parties and issues, courts may apply the abstention principles when it serves the interest of "'conservation of judicial resources and comprehensive disposition of litigation.'" *Colorado River Water Conservation Dist.*, 424 U.S. at 817 (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 183 (1952)). In this instance, generally, the presence of parallel state and federal proceedings is not sufficient to justify a federal court's abstention from exercising its jurisdiction. In such cases, under the *Colorado River* abstention doctrine, only "exceptional circumstances," beyond the mere pendency of a parallel state case, will permit a federal court to decline its jurisdiction in favor of the concurrent state-court action. *Colorado River Water Conserv.*, 424 U.S. at 817. Under the *Colorado River* "exceptional-circumstances test", when a state-court proceeding involving the same parties and controversy is filed first, the court should weigh the fol-

lowing nonexclusive factors to determine whether to abstain from exercising its jurisdiction: (1) whether another court has assumed jurisdiction over a case involving the same controversy; (2) the relative geographical inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether state or federal law controls; and (6) the adequacy of the state forum to protect the parties' interests. *African Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 798 (5th Cir. 2014). "'The decision whether to dismiss a federal action because of parallel state-court litigation does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction.'" *Id.* (quoting *Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.,* 460 U.S. 1, 16 (1983)).

Upon *de novo* examination of the entire record pertinent to the objections and independent assessment of the law, the Court concludes the "exceptional-circumstances test" factors weighing in favor of abstention include: (1) the Texas state court assumed jurisdiction over a case involving the same parties and controversy as this present action prior to the filing of this action in this federal court; (2) allowing the state and federal actions to run concurrently will be judicially inefficient and run the risk of inconsistent results; (3) all causes of action asserted are governed by established Texas state law; and (4) the Texas state-court forum will adequately protect all of the parties' interests. The only factor weighing against abstention is there exists no relative geographical inconvenience of this federal forum because the appropriate state and federal courthouses are in the same city. Given the underlying litigious and vexatious nature of this litigation and the procedural history, and after careful weighing of each of the factors of the "exceptional-circumstances test", this Court concludes this case presents an exceptional circumstance such that abstention in favor the state-court proceeding is appropriate. *See Colorado River*

*Water Conserv.*, 424 U.S. at 817. Further, given this same weighing of factors and the fact that this case involves the same parties and controversy, and the state-law causes of action should be asserted as counterclaims in the state-court proceeding, this Court concludes dismissal of this action is more appropriate over a stay of this action pending resolution of the state court proceeding.

Finally, sanctions may be issued pursuant to Federal Rule 11 should the Laipply children file another action in this federal court asserting causes of action involving the same parties or related to or based upon the same facts, circumstances or controversy as the matters that are the subject of the state-court proceeding.

**Conclusion**

Because this is a case dispositive matter to which the Laipply children objected, this Court conducted a *de novo* review of Judge Farrer's findings and conclusions in his Report and Recommendation. Having considered the Laipply children's objections and having conducted a *de novo* review of Judge Farrer's Report and Recommendation pursuant to 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72, the Court concludes Judge Farrer's findings and conclusions are correct.

It is **ORDERED** the Report and Recommendation (ECF No. 3) is **ADOPTED**. The Court accepts the recommendation that the Laipply children's case be **DISMISSED** with prejudice as frivolous due to lack of subject matter jurisdiction and based upon the Court's abstention from exercise of its jurisdiction over the parties and controversy and causes of action presented.

The Laipply children are admonished that sanctions may be issued pursuant to Federal Rule 11 should they file another action in this federal court seeking to remove the same state-court proceeding previously remanded by Judge Biery and Judge Rodriguez or should they file

another original action in this federal court asserting causes of action involving the same parties or related to or based upon the same facts, circumstances or controversy as the matters that are the subject of the state-court proceeding.

The Clerk is directed to **CLOSE** this case. This constitutes a final judgment.

It is so ORDERED.
SIGNED this 2nd day of December, 2020.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE